IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SAMUEL T. JONES, JR.,

      Plaintiff,

v.                                        Civil Action No. 2:16-cv-03212

RICHARD C. BASFORD, II, Individually
and In His Official Capacity as
An Officer of the Charleston,
West Virginia Police Department; and
THE CHARLESTON POLICE DEPARTMENT,

      Defendants.

## COMPLAINT

Comes now, the Plaintiff Samuel T. Jones, Jr. and for his Complaint against the Defendants states and avers as follows:

### INTRODUCTION

1.    Samuel T. Jones, Plaintiff, brings this action to vindicate rights guaranteed to him by the United States Constitution and the laws of the State of West Virginia. Plaintiff seeks to recover damages he suffered when Defendants deprived Plaintiff of his rights under the 4th and 14th Amendments of the United States Constitution, to be free from illegal and unreasonable detention, arrest, search and prosecution.

### JURISDICTION

2.    The Court has jurisdiction of this action under Title 28, United States Code, Sections 1331, 1343(a)(3) and 1367(a). Venue lies in this Division because the events in

this action occurred within the City of Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia.

## PARTIES

3.     Samuel T. Jones, Plaintiff, is a citizen and lifelong resident of Charleston, West Virginia.

4.     At all times material to this Complaint, Defendant Richard C. Basford, II was a member of the City of Charleston Police Department, holding the rank of Corporal.

5.     The Charleston Police Department is a component of the government of the City of Charleston.

## FACTS

6.     On the afternoon of December 26, 2012, Mr. Jones left his place of employment and walked to the Empty Glass, a music club and bar, located at 410 Elizabeth Street, Charleston. Mr. Jones remained at the Empty Glass, in the company of Empty Glass patrons and witnesses. Sometime after approximately 6:30 p.m., Mr. Jones and an acquaintance, E.B., stepped outside the Empty Glass to smoke cigarettes in front of the club.

7.     At around 6:43 p.m., Defendant Basford and Sgt. Davis, also a member of Defendant Charleston Police Department, were dispatched to respond to a "shot fired" complaint, called in by an employee of the McDonald's restaurant located at 1626 Washington Street, East. The complainant told the officers that he and a co-worker heard what he believed was a single gunshot that sounded as if it came from the direction of the 1600 block of McClung Street, but the complainant had no additional information.

8.      The Officers then drove around the area of Washington Street East, McClung Street and Elizabeth Street.  They observed Mr. Jones and the acquaintance on Elizabeth Street, by the Empty Glass.

9.      Defendant Basford parked his cruiser on Elizabeth Street near the Empty Glass and ordered Plaintiff and E.B. to walk to the Defendant's cruiser.

10.      Plaintiff asked Defendant Basford what was going on and Defendant said he was investigating a shot fired complaint.  Plaintiff told Defendant that he "had the wrong guy."  Defendant responded that he did not know Plaintiff and threw Plaintiff to the ground.  Defendant told Plaintiff to stop resisting and delivered a knee strike to Plaintiff's back.

11.      Defendant Basford later wrote a sworn affidavit, which he filed in the Magistrate Court of Kanawha County in support of criminal complaints he filed against Mr. Jones.  Defendant Basford wrote, as follows:

> On December 26, 2012 while investigating a gun shots complaint I observed the defendant, Samuel Jones, and [E. B.] walking north on Elizabeth St.. Sgt. Davis and this officer approached the defendant and [E. B.] at which time they were given an order to walk to my cruiser.  The defendant at first began to walk toward my cruiser and then stopped and walked around a car in an attempt to avoid me.  I then walked around the vehicle and gave the defendant several more commands to walk to my cruiser which he refused to do even after being told that we were investigating the gun shots complaint.  At this time I attempted to escort the defendant to my cruiser by his left arm at which time he attempted to pull away.  The defendant was then taken to the ground and given several commands to stop resisting and roll to his stomach and place his hands behind his back, which he refused to comply with.  After force was used on the defendant he finally complied at which time he was placed in handcuffed [sic] and walked to my cruiser.  During the search incident to arrest the defendant was found to have 1 hydrocodone pill (sched III), 2.2 g of suspected marijuana and ½ of an unknown pill in his right watch pocket.

12.      Defendant Basford handcuffed Mr. Jones, arrested and searched him and

then transported him to the Charleston Police Department station, where Mr. Jones told Officers that he was suffering substantial pain in his back.

13.    Defendant Basford initiated prosecution of Mr. Jones by preparing criminal complaints and a sworn affidavit, which he filed in the Magistrate Court of Kanawha County, West Virginia.

14.    At Defendant Basford's request, a Kanawha County Magistrate issued the criminal complaints against Plaintiff.  Plaintiff was then released on bail.

15.    On August 15, 2015 a Kanawha County Magistrate dismissed the criminal complaints, and Mr. Jones was discharged from further criminal prosecution.

16.    Mr. Jones has continued to suffer pain in his lower back caused by Defendant Basford's use of excessive force on December 26, 2012.

17.    In defense of the charges brought by Defendant Basford, Plaintiff incurred legal expenses in the amount of $10,000.

## LEGAL PRINCIPLES

18.    The Fourth Amendment of the United States Constitution protects American citizens from unreasonable searches, seizures, arrests and detention.  The Fourteenth Amendment of the United States Constitution makes the Fourth Amendment applicable to the States and local governments.  A police officer may lawfully stop and detain a citizen if the officer has a reasonable and articulable suspicion that the person has engaged in, is engaging in, or is about to engage in, criminal activity.  A police officer may lawfully seize, arrest and search a citizen provided a neutral and detached magistrate has issued an arrest warrant for that person, based on facts establishing probable cause to believe the person has committed a crime.  A police officer also may lawfully seize, arrest, and

4

search a person for a felony criminal offense without a warrant, but only if that arrest is supported by and based on facts establishing probable cause that the person has committed a crime. A police officer may lawfully seize, arrest and search a person for a misdemeanor criminal offense without a warrant, but only if that offense is committed in the officer's presence. A police officer may lawfully initiate a criminal charge and prosecution of a citizen only if the criminal charge is based on facts establishing probable cause.

19. Defendant Basford had no reasonable and articulable suspicion that Mr. Jones had committed any crime and, therefore, he unlawfully detained Mr. Jones.

20. Defendant Basford did not possess sufficient facts to constitute probable cause to believe that Mr. Jones had committed any crime and, therefore, he unlawfully seized, physically assaulted, arrested and searched Mr. Jones.

21. Defendant Basford did not possess sufficient facts to constitute probable cause necessary to procure, initiate, or set on foot the criminal prosecution of Mr. Jones in the Magistrate Court of Kanawha County for obstructing an officer and resisting arrest.

22. The sworn affidavit of Defendant Basford submitted to the Kanawha County Magistrate was deficient - on its face - to establish probable cause, that is, the facts alleged in Defendant Basford's sworn affidavit were not sufficient to establish probable cause that Plaintiff had committed the crimes of obstructing an officer and resisting arrest, simple possession Sched. III, and simple possession marijuana.

23. At all times material to this Complaint, Defendant Basford was acting under color of the laws, statutes, ordinances, customs and usages of the State of West Virginia and the City of Charleston.

24. At all times material to this Complaint, and upon information and belief,

Defendant Basford was acting in accordance with customs, usages and policies of Defendant Charleston Police Department.

25.    The aforesaid customs, usages and policies of the Charleston Police Department included: that officers may and do stop and detain citizens without a reasonable and articulable basis in fact that the citizen has, is, or is about to engage in criminal activity; that officers may and do use physical force on a citizen who lawfully refuses an order or command to that citizen; that officers may and do file complaints and affidavits charging citizens with crimes, when such alleged crimes are not supported by facts establishing probable cause, and thereby the officers maliciously initiate, procure and set on foot criminal prosecutions; that officers may and do charge citizens with criminal charges such as resisting arrest and obstructing a police officer, when a citizen lawfully refuses to comply with a command.  In addition to the aforesaid, Defendant Charleston Police Department, by custom, usage and policy, has failed to properly and sufficiently train and discipline its officers so its officers do not detain, physically assault, arrest, search and maliciously prosecute citizens, in violation of citizens' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

26.    Mr. Jones' Constitutional rights to be free from unreasonable and unlawful detention, not supported by reasonable suspicion, and to be free from unlawful seizure, arrest, search and prosecution, not supported by probable cause, were, and have long been, clearly established Constitutional rights, which Defendant Basford, as a law enforcement officer, knew or should have known.

27.    The criminal prosecution of Mr. Jones was terminated in his favor when, on August 15, 2015, the Magistrate Court dismissed the complaints.

## COUNT I

## DEPRIVATION OF CONSTITUTIONAL RIGHTS
## 42 USC § 1983
## RICHARD C. BASFORD

28.   Plaintiff incorporates herein and realleges paragraphs 1 through 27 of this Complaint.

29.   On December 26, 2012, in the City of Charleston, Kanawha County, West Virginia and within the Southern District of West Virginia, Defendant Richard C. Basford, while acting under color of law, custom and usage, did deprive Plaintiff, Samuel T. Jones, Jr. of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, by unlawfully detaining, without reasonable suspicion, and by unlawfully seizing, physically assaulting, arresting, searching and maliciously initiating and procuring the criminal prosecution of Plaintiff, all without probable cause that Mr Jones had committed any crime.

30.   The criminal prosecution of Mr. Jones was terminated in his favor when, on August 15, 2015, the Magistrate Court dismissed the criminal complaints.

31.   Plaintiff suffered physical pain and injuries, emotional distress, embarrassment, humiliation, anxiety, and financial damages, as a direct and proximate result of Defendant Basford's conduct.

## COUNT II

## MALICIOUS PROSECUTION
## RICHARD C. BASFORD

32.   Plaintiff incorporates herein and realleges paragraphs 1 through 31 of this

Complaint.

33.    On December 26, 2012, in Charleston, Kanawha County, and within the Southern District of West Virginia, Defendant Richard C. Basford initiated, procured, caused and set on foot the criminal prosecution of Plaintiff, Samuel T. Jones, Jr., in the Magistrate Court of Kanawha County, WV, when, as Defendant Basford knew or reasonably should have known, that prosecution was not supported by probable cause, and was the product of Defendants' unlawful acts in detaining, seizing, physically assaulting, arresting, searching and charging Plaintiff.

34.    Defendant Richard C. Basford acted with malice in initiating, procuring and setting on foot the aforesaid prosecution of Mr. Jones.

35.    The criminal prosecution of Mr. Jones was terminated in his favor when the Magistrate Court of Kanawha County dismissed the criminal complaints on August 5, 2015.

36.    Plaintiff suffered economic loss, emotional distress, embarrassment, humiliation and anxiety, and financial damages, as a direct and proximate result of Defendant Basford's actions.

## COUNT III

### DEPRIVATION OF CONSTITUTIONAL RIGHTS
### 42 USC § 1983
### CHARLESTON POLICE DEPARTMENT

37.    Plaintiff incorporates herein and relleges paragraphs 1 through 36 of this Complaint.

38.    Defendant Charleston Police Department, acting under color of law, had, and condoned, customs, usages and policies that its officers could and did: stop and detain

citizens without a reasonable and articulable suspicion of criminal activity; that officers could and did employ physical force on a citizen who lawfully refused an order or command from an officer; and that officers could and did file affidavits and complaints charging citizens with crimes, when such criminal charges were not supported by facts sufficient to establish probable cause, thereby maliciously initiating, procuring and setting on foot criminal prosecution.

39.     The aforesaid customs, usages and policies of Defendant Charleston Police Department directly caused the deprivation of plaintiff's clearly established rights to be free from unlawful detention, physical assault, seizure, arrest, search and malicious prosecution; all in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40.     Plaintiff suffered physical pain and injuries, emotional distress, embarrassment, humiliation, anxiety and financial damages, as a direct and proximate result of Defendant Charleston Police Department's customs, usages and policies.

## COUNT IV

### DEPRIVATION OF CONSTITUTIONAL RIGHTS
### 42 USC § 1983
### CHARLESTON POLICE DEPARTMENT

41.     Plaintiff incorporates herein and relleges paragraphs 1 through 40 of this Complaint.

42.     Defendant, the Charleston Police Department, acting under color of law, had, and has, a legal obligation to adequately train and supervise its officers so that they know, understand, respect and observe the fundamental constitutional rights of citizens that apply to encounters between officers and citizens.  Among these rights enshrined in the United

States Constitution are (1) the right to be free from being detained except when the officer has a reasonable and articulable suspicion that the citizen has, is, or is about to engage in criminal conduct; (2) the right to be free from unlawful physical assault, physical force, and arrest, which are not based on facts sufficient to establish probable cause that the citizen committed a crime; (3) the right not to be arrested, charged with a crime and prosecuted, except when the arrest, charge and prosecution are based on facts sufficient to establish probable cause that the citizen committed a crime; and (4) the right to refuse to comply with a command or order of an officer that is not lawful.

43.     Defendant, Charleston Police Department knew, and should have known, that the constitutional rights of citizens would be violated if the Charleston Police Department failed adequately to train and supervise its officers concerning the rights described above.

44.     Upon information and belief, Defendant Charleston Police Department failed to train and supervise its officers as to the constitutional rights described above, which failures constituted a pattern and practice of the Charleston Police Department, recklessness, and deliberate indifference to, the aforesaid constitutional rights of citizens who would encounter Charleston Police Department officers.

45.     Defendant Charleston Police Department's failure to train and supervise its officers specifically constituted a pattern and practice, reckless disregard of, and deliberate indifference to, the constitutional rights of citizens to be free from criminal prosecution on charges not based on probable cause, and to be free from malicious prosecution.

46.     Defendant Charleston Police Department's failure to train and supervise its

10

officers directly caused the deprivation of Plaintiff's clearly established rights to be free from arrest and criminal prosecution on charges not supported by facts that establish probable cause, all in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47.     Plaintiff suffered physical pain, emotional distress, embarrassment, humiliation, anxiety and financial damages, as a direct and proximate result of Defendant Charleston Police Department's deprivation of his rights, caused by its failure to train and supervise its officers as set forth herein.

WHEREFORE, based upon the foregoing, Plaintiff Samuel T. Jones, Jr. demands judgment against Defendants Richard C. Basford and the Charleston Police Department, as follows:

1.     Compensatory damages in an amount to be determined by a jury;

2.     Punitive damages in an amount to be determined by a jury;

3.     An award of attorney fees and costs;

4.     Post-judgment interest; and

5.     Such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury.

SAMUEL T. JONES, JR.,
By Counsel:


/s/ John A. Kessler
John A. Kessler, WVSB No. 2027
S. Benjamin Bryant WVSB No. 520
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower
707 Virginia Street, East
P.O. Box 913
Charleston, WV 25301
(304) 345-1234
(304) 342-1105 fax
jakessler@csdlawfirm.com
sbbryant@csdlawfirm.com